# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FRANKLIN MOORE | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-00361 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be REMANDED.

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on June 22, 2011, claiming entitlement to disability benefits due for degenerative disc disease of the lumbar spine and cervical spine with history of fusion surgery to the low back and neck (Tr. 10, 12). Plaintiff's application was denied initially on October 7, 2011, and on reconsideration on December 7, 2011 (Tr. 10). Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas, on April 24, 2012 (Tr. 29). Plaintiff was represented by Dennis D. Davis, an attorney, at the proceeding (Tr. 10). At the hearing, Plaintiff; Sterling E. Moore, M.D., a medical expert; and Russell B. Bowden, an impartial vocational expert, testified (Tr. 10, 31).

On May 11, 2012, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled" (Tr. 10-24). Plaintiff requested Appeals Council review, which the Appeals Council denied on April 29, 2013 (Tr. 1-3). Therefore, the May 11, 2012 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since June 22, 2011, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

3. The claimant has the following severe impairment: degenerative disc disease of the lumbar spine and cervical spine with history of fusion surgery to the low back and neck. 20 C.F.R. § 404.1520(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently, as well as sit, stand and/or walk for 6 hours each out of an 8-hour workday. The claimant's ability to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) is reduced by the requirement of a sit/stand option ever hour in order to stretch for 2 to 3 minutes. The claimant is limited to occasional climbing of ramps/stairs, balancing, stooping, crouching, kneeling, squatting and crawling and is never able to climb ropes, ladders or scaffolds. He is limited to occasional overhead lifting, gross and fine manipulation and pushing/pulling with the bilateral upper extremities. The claimant must also avoid vibrating machinery.

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. The claimant was born on July 3, 1967, and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. § Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 22, 2011, through the date of this decision (20 C.F.R. § 404.1520(g)).

(Tr. 12-24).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the

Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment

4

that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## ANALYSIS

Plaintiff brings one point of error: that the ALJ's step five finding and disability determination are not supported by substantial evidence because the hypothetical question that the ALJ posed to the vocational expert was not complete or consistent with her RFC findings (Plaintiff's Brief at 1, 4). Plaintiff argues that, because the RFC finding was not consistent with the hypothetical question to the vocational expert, the ALJ should not have relied on the vocational expert's testimony that Plaintiff could perform other "jobs that exist in significant numbers in the national economy" (Plaintiff's Brief at 4-5, Tr. 23).

In her finding, the ALJ limited Plaintiff to "occasional gross and fine manipulation with his bilateral upper extremities," as well as other limitations that the ALJ recognized. However, in the hypothetical posed to the VE, this particular limitation was not included or recognized by the ALJ who included in the question the following statement: "**Manipulative considerations and restrictions would be overhead lifting would be limited to an occasional basis as would pushing and pulling and this is with respect to bilateral upper extremities**" (Tr. 58) (emphasis added).

In response to the ALJ's question, the VE testified that there were three jobs available to Plaintiff in the national economy: lens inspector, button inspector, and film inspector. Plaintiff has presented evidence not disputed by the Commissioner that these jobs would be excluded by the limitation as to manipulation found by the ALJ.

The Commissioner's argument in response is twofold. First, the Commissioner argues, the ALJ made an inadvertent limitation in her finding, and, second, procedural perfection is not required in this type of administrative proceeding.

The Court finds that the ALJ's RFC finding, in relevant part, was that Plaintiff would be "limited to occasional . . . gross and fine manipulation" (Tr. 18) and that this limitation was not included in the ALJ's hypothetical question for basing her findings at step five. Since the hypothetical was incomplete in regard to the RFC finding, it made the vocational expert's testimony an inadequate basis for the ALJ's step five decision. There was not substantial evidence for the ALJ to find that Plaintiff is able to do the jobs, such as lens inspector, film inspector, and button inspector (*see* Tr. 23) from the testimony.

The Commissioner's argument that the ALJ did not intend to include the limitation of occasional "gross and fine manipulation" in the RFC finding is unpersuasive (*see* Defendant's Brief at 5). The Fifth Circuit has held that "[p]rocedural perfection in administrative proceeding is not required," but adding in a limitation that is not supported by substantial evidence is substantive and affects the outcome of the award of benefits. *See Mays v. Bowen*, 837 F2d 1362, 1364 (5th Cir. 1988). The Fifth Circuit's rule is that "the hypothetical question posed to the vocational expert by the ALJ must '"incorporate reasonably all disabilities of the claimant recognized by the ALJ."' *Jones v. Astrue*, 228 Fed. Appx. 403, 408 (5th Cir. 2007). Therefore, the hypothetical question the ALJ asked became defective when the question to the VE did not reasonably incorporate a major limitation found by the ALJ. The question must incorporate reasonably all disabilities recognized by the ALJ. *See Bowling v. Shalala*, 36 F.3d 431 (5th Cir. 1994). There was no substantial evidence to support the step five finding.

The case is REVERSED AND REMANDED for further proceedings.

**SO ORDERED.**

**SIGNED this 20th day of March, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE